McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit, brought in the Circuit Court of Haywood, by the defendant in error, as endorsee of a bill of exchange against the drawer and endorsers.
The bill was drawn in Tennessee, (of which State both the drawer and endorsers were citizens,) on Messrs. J. & Gr. Cromwell, of New Orleans, Louisiana, for |2500 00, at four months from date.
The bill was regularly protested, at maturity, for non-payment, for want of funds of the drawer; and due notice of the dishonor thereof was given to the drawer and endorsers.
On the trial in the Court below, the defendants proposed to prove that the legal rate of interest in Louisiana was five per cent.; and insisted that the plaintiff was entitled to recover no more. Rut the Court refused to admit the evidence, and instructed the jury that the plaintiff was entitled to recover six per cent, interest, according to the law of Tennessee. And the only question presented for our determination is, did the Court err in this instruction ?
Eor the plaintiffs in error, it is assumed that as the bill was to have been accepted and paid at New Orleans, *330 the law of that place should govern the rate of interest to he recovered in the present action. This is not so, either upon a proper construction of our statute of 1829, ch. 14, or upon the well-established principles of mercantile law.
The general principle is admitted, that the obligation, character, extent and conditions of every contract are to be governed by the law of the place where it is entered into and is to be executed. But this principle is misapplied in .the argument for the plaintiffs. The error is, in not distinguishing between the contract of the drawer or endorser and the contract of the acceptor. The drawer of the bill does not contract to pay the money in the foreign place on which the bill is drawn; neither does, the endorser. They respectively contract only to guarantee its acceptance and payment at that place by the drawee; and in default of such payment by the latter, they agree, upon due protest and notice, to re-imburse the holder of the bill, in principal and damages, at the place where they severally entered into the contract. The acceptor, on his. part, it is true, contracts to pay the bill at the place of acceptance, or the place fixed for the payment thereof; but the contract of the latter is separate and distinct from the contract of the drawer or endorser. The drawer and endorser, in legal contemplation, contract in the place where the bill is drawn or endorsed, a conditional obligation, that if. the bill is dishonored, and due notice thereof given them, they will respectively pay the amount of the bill at the place of their contract. The contract of each of the parties — the drawer, endorser, and acceptor — is, in effect, a several contract, made in the place *331 where the bill is drawn, endorsed, or accepted; and the rights, as well as the liabilities, of each party are to be regulated and governed by the law of the place of his contract. Story on Bills, secs. 153, 154, 155, 391; Story’s Conflict of Laws, secs. 31U-15; 6 Alabama R., (new series,) p. 12.
The act of 1829, ch. 14, sec. 1, necessarily leads to the same result; it expressly provides, that when a bill of exchange, drawn or endorsed within this State, upon any person or persons, or body corporate of, or in any of the United States, or the territories thereof, “ shall be returned unpaid with a legal protest,” the holder shall be entitled to recover from the drawer, or endorser of such bill, three per cent, damages upon the amount of the bill, “together with laivful interest on the amount of such principal sum, damages, and charges of protest; from the time at which such notice of protest shall have been given.
The sole object of this statute was to regulate and define the liabilities of the drawer and endorser of a bill of exchange in a case like the one under consideration ; and, by necessary implication, it must be held that, by laioful interest, the Legislature had reference to the rate of interest established by law in this State, in whose judicial tribunals the remedy is to be pursued.
We are of opinion, therefore, that there is no error in the judgment, and it will be affirmed.